EMMONS, Appellant, vs. FARMINGTON MUTUAL FIRE INSURANCE COMPANY, Respondent.

*February 11—March 8, 1921.*

*Insurance: Taking out additional insurance as forfeiture of policy: Consent of insurer: Evidence: Estoppel.*

1. Evidence that the secretary of an insurance company, on receiving a letter from one of its policy-holders stating that he had taken out additional insurance, replied that he thought the amount of insurance too high but that their agent was directed to look it over, with evidence that the agent also disapproved the amount of insurance, is *held* not to show consent in writing by the secretary for the additional insurance, without which such insurance invalidated the policy sued on.
2. The fact that the defendant's secretary and representatives negotiated with plaintiff after a loss by fire and requested him to sign proofs of loss does not show that plaintiff suffered any substantial expense or trouble that would estop defendant from interposing the defense that the policy had been forfeited.

APPEAL from a judgment of the circuit court for Polk county: W. R. FOLEY, Circuit Judge. *Affirmed.*

This action was brought by plaintiff to recover on a fire insurance policy dated December 14, 1917, for loss by fire which occurred on July 4, 1918. Defendant claims that the policy is null and void pursuant to a by-law which provided that, if additional insurance is made in another company on the same property without the acknowledgment and consent in writing of the secretary, the policy is null and void. Plaintiff claims that he notified defendant of the additional insurance prior to the fire and that there was a waiver by defendant of this by-law, and also that defendant waived any forfeiture of the policy by acts constituting an estoppel.

The case was tried before the court and a jury. By a special verdict the jury found that plaintiff notified defendant's secretary in writing, more than two months before the fire, that he had obtained $1,000 additional insurance in another company. The court approved this finding, but concluded that there was no consent in writing by the secretary approving the additional insurance on the property and that the defendant was not estopped from insisting on the forfeiture of the policy occasioned by securing additional insurance without the consent of defendant's secretary. Judgment was ordered for the defendant dismissing the complaint and for costs. This is an appeal from such judgment.

For the appellant there was a brief by *McNally & Doar* and *James E. Hughes,* all of New Richmond, and oral argument by *W. T. Doar.*

For the respondent there was a brief by *Kennedy & Yates* of Amery, and oral argument by *W. T. Kennedy.*

SIEBECKER, C. J. The policy in question contains the following condition: "Section 4. If any additional insurance is made in any other company on the same property insured in this company without acknowledgment or consent in writing by the secretary of this company, this policy shall be null and void." The plaintiff obtained $1,000 insurance in another company on February 14, 1918, while the policy sued

on was in force.   The jury found that plaintiff wrote to the company's secretary informing him of this additional insurance on April 21, 1918.   On April 23d, following, the company's secretary wrote plaintiff acknowledging receipt of plaintiff's letter and stating further:

"In regard to the insurance on your barn, 24 x 36, I think $1,600 would be too high for a barn of that size.   I notified Mr. Kirsch to look it over and he can tell you just what we could do on the insurance.   I know your place, but cannot remember about the barn.   Mr. Kirsch is our agent."

What took place between plaintiff and Mr. Kirsch about additional insurance after the letter of the secretary to plaintiff on April 23d is not found by the jury, but the court in its opinion states in substance that plaintiff was informed by Kirsch, either then or sometime theretofore, that one or two hundred dollars additional insurance was all the company would write on the barn.   Since the court dismissed plaintiff's complaint, it necessarily follows that the court came to the conclusion that plaintiff was informed by Kirsch that he disapproved the additional $1,000 insurance plaintiff had obtained in another company.   We think it is sufficiently established that there was no consent in writing by the secretary of the company for this $1,000 additional insurance and plaintiff's policy in defendant's company became null and void.   Under the facts and circumstances it cannot be said that the company's representatives, through silence or otherwise, did anything to lead plaintiff into the belief that the additional insurance stood approved, for it appears that both the secretary and Kirsch informed plaintiff that they could not approve the additional insurance, and that the secretary's letter of April 23d is not a consent in writing to such additional insurance.

It is urged that if there was a forfeiture of the policy the action of the company's representatives in adjusting the loss and negotiating with plaintiff at his farm after the fire constitutes an estoppel and prevents the company from insisting

on a forfeiture of the policy. When the committee and defendant's secretary came to plaintiff's home to ascertain the amount of his loss, very little, if anything, was required of plaintiff. As the trial court states:

"In this case about all defendant's committee asked the plaintiff to do was to sign the so-called proof of loss. . . . It was written by the secretary and· all the plaintiff had to do was sign it, although it was undoubtedly written on information obtained from plaintiff in answer to questions propounded to him. It does not seem to me that there is a showing of any substantial expense or trouble caused the plaintiff by defendant in anything that took place after the fire, and that defendant is not estopped to make the defense interposed in this action."

It is considered that these conclusions of the trial court are correct and that the action was properly dismissed.

*By the Court.*—The judgment appealed from is affirmed.